# OCTOBER TERM, 1961.*

CITY OF DEARBORN *v.* CHARLES E. AUSTIN, INC.
COMMISSIONER OF MICHIGAN STATE POLICE *v.* SAME.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—FINDINGS OF TRIAL
COURT—INJUNCTION—GASOLINE STORAGE TANKS.

No consideration is given to defendant-appellants' claims on
appeal in suit to enjoin them from use of premises and instal-
lation for storage of gasoline and petroleum products, that
findings of trial court that, by collapse, a large tank had been
damaged by more than 75% of its value and that area en-
closed within the surrounding dikes was insufficient to contain
the contents of the large tank, were contrary to the evidence
adduced, where discussion of such findings is unnecessary to
decision.

2. INJUNCTION—GASOLINE STORAGE TANK—FLAMMABLE LIQUIDS REG-
ULATION.

Injunction against .rebuilding of 4,000,000-gallon storage tank
and use thereof for storage of gasoline and petroleum products
was properly decreed under record showing such proposed re-
building would create a fire hazard and danger to life and
the public safety, that the diked-in area could not be made
large enough on defendants' premises to comply with present
regulations of the State flammable liquids code, adopted since
original installation was made but before defendants' largest
tank had collapsed after plaintiff city had condemned it (1955
AACS, §§ R 28.643[c], R 28.647[d]).

Appeal from Wayne; Piggins (Edward S.), J.
Submitted October 10, 1961. (Docket Nos. 41, 42,

* Continued from Volume 364.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 823; 28 Am Jur, Injunctions
§§ 331, 332.
[2] 28 Am Jur, Injunctions § 160.

Calendar Nos. 48,700, 48,701.)    Decided December 1, 1961.

Bill by City of Dearborn, a municipal corporation, against Charles E. Austin, Inc., a Michigan corporation, Joy Oil Co., Ltd., a foreign corporation, Charles E. Austin, and others to enjoin use of petroleum products storage tanks not in conformance with safety regulations or to enforce removal thereof. Similar action by Joseph A. Childs, Commissioner of Michigan State Police. Cases consolidated for trial and appeal. Decree ordering certain repairs which were subsequently made and ordering abandonment of largest storage tank. From order denying rehearing defendant appeals. Affirmed.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Perry A. Maynard,* Assistant Attorney General, for plaintiff police commissioner.

*Ralph B. Guy, Jr.,* Corporation Counsel, and *Harry C. Tatigian,* Assistant Corporation Counsel, for plaintiff city.

*George Menendez (David Gooze,* of counsel), for defendants.

DETHMERS, C. J. Defendants and their privies have been owners of land in the city of Dearborn abutting on the River Rouge. Located thereon are 4 metal tanks, built in 1937 and 1938, for storage of gasoline and petroleum products. Three, with approximately a 10,000-barrel capacity each, are not here in controversy. The fourth was constructed with a capacity of over 4,000,000 gallons. It was 150 feet in diameter and 32 feet high. The capacity of the 4 tanks totaled over 5,500,000 gallons. The tanks were

within an enclosure of retaining dikes. This is required to prevent liquid discharged from the tanks from endangering adjoining property or reaching waterways.

In 1953 the city condemned the use of the installation for storage of petroleum products on the grounds that it did not meet safety requirements of the State fire marshal's office and that the tanks had deteriorated and were dangerous for such storage. Use was thereupon discontinued. The large storage tank collapsed later in that year and has not been used since.

In 1955 the suit by the city was brought seeking to enjoin the use of the premises and installation for storage of gasoline and petroleum products until they conformed to the flammable liquids regulations of the city and State and to require repair of the tanks and dikes on the premises because, when used for petroleum products storage purposes, they constituted a public nuisance and hazard to life and property.

In 1956 the State, by the commissioner of State police, filed suit seeking like injunctive relief and an order to require removal of all flammable liquids and storage tanks on the grounds that the premises constituted a fire hazard dangerous to life and public safety.

The 2 cases were consolidated for hearing, as they now are for this appeal. During the process of the litigation arrangements were made and permits granted for repairs to the 3 smaller tanks. Their use is, therefore, as previously stated, no longer in controversy. Permits to rebuild the large tank were denied by the city with advices that no permit would be forthcoming until failures to comply with Michigan flammable liquids regulations were corrected and unless and until compliance was accomplished or assured.

Defendants say that the controversy in the court below concerning the large tank revolved around the city's claims (1) that, because of its collapse, it had been destroyed in value by more than 75%, so that, under the city's building code, it could not be rebuilt to its original form and condition but must, on the contrary, be built, if at all, to conform with the code's requirements adopted since the tank's original construction, and (2) that the area enclosed within the dikes, in which the 4 tanks are located, is insufficient to contain the contents of the large tank. They say that these are, likewise, the principal issues in this appeal.

The court below entered a decree requiring defendants to abandon use of the large tank, and to make certain improvements to the dikes, pumphouse, and other parts of the installation, in the interests of public safety.

Defendants moved for a rehearing, on the ground that the court erred in its decisions with respect to the 2 above noted issues in the case. An order entered denying rehearing. Defendants appeal from that order.

Defendants say, on appeal, that proofs in the case established the contrary of the judge's finding that the large tank had been damaged to an extent of more than 50%* of its value and, therefore, could not be rebuilt in its original form under the city's building code (or zoning ordinance). They say, also, that the proofs are contrary to the court's finding that the diked-in area does not have sufficient capacity to contain the contents of the large tank, and, further, that a decision in the affirmative by the same court in 1939, between the same parties, is *res judicata* of that question of fact.

---

* The 50% figure, in contrast to the 75% mentioned in the building code, comes from provisions concerning nonconforming uses in the city's zoning ordinance.

We deem consideration of these arguments of defendants unnecessary to decision. We are satisfied from the record that, as proposed to be rebuilt and operated by defendants, a fire hazard and danger to life and public safety would exist. The record shows that the diked-in area does not have and that the premises would not permit of its lawful enlargement to a capacity equal to 100% of that of all 4 of the tanks on the premises. While that was not required at the time of their original construction in 1937 and 1938, that is the requirement for water-front storage installations, such as this one, under present regulations of the State flammable liquids code. 1954 Administrative Code, 1955 AACS, § R 28.647(d). 1955 AACS, § R 28.643(c), contains requirements governing required minimum distance of tanks of over 50,000-gallon capacity from the line of adjoining property that is or may be built upon. Location of the large tank is in violation thereof. Proofs also show violation of other provisions of the code to which the requirements of the decree for making improvements are addressed.

We see no error in denial of the motion for rehearing. Affirmed, with costs to plaintiffs.

CARR, KELLY, BLACK, EDWARDS, SOURIS, and OTIS M. SMITH, JJ., concurred.

KAVANAGH, J., did not sit.